# Hook, Appellant, *v.* White.

*Judgment—Consideration—Fraud—Opening Judgment.*

On an issue to determine the validity of a judgment entered on a judgment note, a verdict and judgment for defendant will be sustained where the evidence tends to show that the note was given by the maker to the payee, who was a relative of the maker, immediately prior to an assignment for creditors by the maker, that it was without consideration, and that its purpose was to defraud the creditors of the maker.

Argued Oct. 21, 1901.    Appeal, No. 23, Oct. T., 1901, by plaintiff, from judgment of C. P. Greene Co., June T., 1897, No. 8, on verdict for defendants in case of Thomas Hook and Uriah Inghram, Executors of Thomas Goodwin, Deceased, now for use of George Goodwin, v. Z. G. White, alias Zadoc G. White, Wm. Blair, alias William Blair, and Hicey S. Kent, Executors of Mordecai Kent, Deceased.    Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Issue to determine the validity of a judgment entered on a judgment note.    Before CRAWFORD, P. J.

At the trial the evidence for the defendants tended to show that the note in controversy was dated October 20, 1882, calling for payment of $848, and that it was given by Z. G. White to Thomas Goodwin, a relative, immediately before White made an assignment for creditors ; that there was no consideration for the note ; that it was given to defeat the creditors of White, and that the other parties to the note beside White knew nothing of the fraud, and had signed the note as sureties, believing it to be a bona fida transaction.

Verdict and judgment for defendant.

*Errors assigned* were various rulings on evidence and instructions.

*James J. Purman,* with him *Frank W. Downey,* for appellant.

*D. S. Walton,* with him *W. A. Hook, A. H. Sayers, Joseph Patton* and *J. A. J. Buchanan,* for appellees.

PER CURIAM, November 8, 1901 :

The plaintiff appealed to this court and filed twenty-five assignments of error.    An inspection of the assignments failed to convince the court of substantial error in either of them. The charge of the court to the jury was impartial and nothing appears in it which can justly be construed as depriving the plaintiff of any right or privilege he was fairly entitled to. The testimony was against his contention and was so regarded by the jury.    The verdict was for the defendant and the judgment was properly entered thereon.    We therefore dismiss all of the assignments.

Judgment affirmed.